## THE STATE OF IOWA;

OTTUMWA, JUNE TERM, A.D. 1848.

In the second year of the State.

---

PRESENT:

HON. S. CLINTON HASTINGS, CHIEF JUSTICE.
" JOHN F. KINNEY, } JUDGES.
" GEORGE GREENE, } 

---

### FREDERICK *v.* GASTON.

Though an attorney, in his opening statement to the jury, claimed for his client a special property only in a chattel, evidence of general property is admissible. It is not the province of the court, under our statute, to instruct the jury upon questions of fact. The charge of a judge should be confined exclusively to the law of each case.

ERROR, *to Mahaska District Court.*

*Wright* and *Knapp,* for the plaintiff in error.

*Th. H. Gray,* for the defendant.

*Opinion by* KINNEY, J. This was an action of replevin, instituted and tried in Mahaska County. The action was brought by Frederick to secure the possession of a threshing

26

machine, wagon, and harness. Under the instructions of the court; the jury found the threshing machine to be the property of the defendant, and the wagon and harness the property of the plaintiff, and assessed the damages of the defendant at $407 00. A bill of exceptions was taken at the trial by the plaintiff, and it comes before this court upon writ of error, and the following, among other errors, are relied upon by the plaintiff.

1st. The court erred in holding the parties to the positions they had assumed before the jury in the opening argument.

2d. The court erred in directing the jury what they are to report in their verdict.

Although there are other errors assigned, arising out of the instructions given, and referred, many of which we think authorized, from the peculiar position this case assumed before the jury under the instruction of the court, yet as these are fatal to the defendant in error it will not be necessary to pass upon them.

It appears, from the bill of exceptions, that the plaintiff's counsel, in his opening statement to the jury, proposed to prove a special property in the machine, but introduced testimony tending to show a general property, which the court refused to permit the plaintiff to claim before the jury, and refused to submit to the jury the question of general property or ownership of the machine, wagon, or harness, but held the parties to the position which they had assumed before the court and jury in that respect, and charged the jury that they were the judges of the disputed facts only.

It appears from the exceptions, that the court confined the jury to the statement made by the plaintiff's counsel, and would not permit them to take into consideration testimony which was not relevant to the opening statement, and that the plaintiff was thereby excluded from proving a general property in the machine, &c. We think in this the court erred.

Admissions are of two kinds, conclusive and inexclusive, upon the party making them. Conclusive admissions are

those arising from matter of estoppel, technically so called, as admissions by records and specialties, or where the parties agree to make the admission as evidence, or where the admission is made with a view to benefit the party making it, or to prejudice the party to whom made.

Inexclusive admissions are those where the party making them had no particular object or interest in view to mistake the truth, and where the admission does not fall within the above principle which makes it a conclusive one, Saund. Pl. and Ev. 37. According to this definition by Mr. Saunders, if the party making the admission had no interest in view to mistake the truth he could not be excluded by the admission. It frequently happens that an attorney in stating his case to the jury is not familiar with all the testimony to be introduced, and may very innocently fall into an error; and we think it would be adopting a practice which would operate very unjustly, for the courts to confine the testimony to the points or statements so made. Besides, it is not really within the power of counsel to know what the witnesses will testify to, and as it is quite important to inform the jury of the nature of the plaintiff's claim and what he expects to prove, the court, by excluding all testimony which did not tend directly to sustain the position thus assumed before the jury, would in very many instances preclude the party from obtaining that justice which the merits of his case would otherwise secure to him. But the admissions made on the trial of this cause were proper for the consideration of the jury, with all the other facts of the case, Saund. Pl. and Ev. 37; and consequently the court erred in limiting the jury exclusively to the admission or statement of counsel. See also upon admission of attorneys, 1 Saund. Pl. and Ev. 54.

But it appears that the court instructed the jury that the wagon and harness were the property of the plaintiff and must be so found by them, and put it to the jury to say whether the defendant was wrongfully detaining them from

the plaintiff at the commencement of the suit; or in other words, which party had the right of possession.

It is very evident to us that the court instructed the jury upon questions of fact, which we think the court ought never to interfere with in jury trials. At common law, it is true, the facts and testimony were taken up in this order by the judge and placed in review before the jury, and this practice was frequently carried to so alarming an extent that the jury became but mere machines in the hands of the court to reflect back the verdict which the court would more than intimate by a particular reference to, and application of the facts. In many of the States of the Union, in New York in particular, it is the practice of the courts to charge the jury upon facts. But in this state, the legislature, to protect the people against any interference of the court upon matters of fact submitted to the jury, and to secure to parties a full and perfect trial, have passed a law by which the court are confined to instructing the jury upon questions of law. The statute provides that the District Court in charging the jury shall only instruct them as to the law of the case, *Rev. Stat.* p. 475. § 35.

The duty of the court we think is to instruct the jury upon the law, to inform them what the law is upon all questions arising out of the case, but we think it the peculiar province of the jury to make an application of the law to the facts and find their verdict. The only safe rule is to confine the courts to the law. If we depart from this, and they are permitted to charge upon facts, we think it would be an invasion upon the trial by jury, which is so much favored in this country ; the tendency of which would be mischievous, unjust, and oppressive.

Judgment reversed.