PLEAS BUCKLEY *v.* THE STATE.

EVIDENCE.  *Testimony of one accused of crime.  Instruction as to credibility thereof.
Practice.*

Under the legislative act approved February 27, 1882, providing that, "The ac-
cused shall be a competent witness for himself in any prosecution against
him," it is error for the court to instruct the jury trying an indictment for
murder that "in weighing the defendant's testimony they should consider
the interest he has in the result, and they may disregard it altogether."
Such testimony should be permitted to go to the jury without being preju-
diced, impaired, or influenced by suggestions as to its probable falsity or cau-
tions against giving credence to it.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

In July, 1884, Pleas Buckley was indicted upon the charge of
having murdered Rance Patton on the 30th of June, 1884. He
plead "not guilty," was tried, convicted, and sentenced to be
hanged.  A motion made by him for a new trial having been over-
ruled, he appealed to this court.

The defendant testified at the trial in his own behalf.  By the
sixth instruction given for the State the court charged the jury as
to the weight of the defendant's testimony.  That instruction is
fully set out in the opinion of the court and is made the text of the
decision.

*A. F. McGee,* for the appellant.

Instruction number six, relative to the defendant's testifying in
his own behalf, does not follow the statute in this behalf, and in this
case, as granted, is virtually an instruction to the jury not to believe
the defendant.

*C. E. Hooker, Jr.,* on the same side.

Manifest injustice was done the defendant in granting the instruc-
tion marked No. 6 for the State.  It is not the law, and exercised
an influence upon the mind of the jury, as, but for it, they
might have concluded to acquit.  It is in the nature of a comment
and must have misled the jury, speculating upon the consequence
of a reasonable doubt arising from the whole evidence, had the law
been undisturbed making the accused a *competent witness,* and thus

his testimony in this instance a vital constituent part of the whole evidence. To talk about the interest a man has when he is on trial for his life is to state a postulate that neutralizes the legislative act that made him a witness. It was intended to be of some service to the defendant—not a mere form and never to be of any avail.

It was intended to serve a wise purpose. It is an absolute and unqualified law in behalf of the defendant, and this court has decided that it will not permit it to be reduced to an absurdity. *Thomas* v. *The State*, 61 Miss. 65. The jury is the sole judge of the weight of evidence, and the court has no power to charge the jury on this subject. It cannot be said that, assuming the defendant's testimony to be true, no other verdict would be correct in this case.

*C. E. Hooker, Jr.*, also made an oral argument.

*T. S. Ford*, Attorney General, for the State.

The sixth instruction for the State when construed with the ninth instruction given for the defense was not erroneous. By the latter instruction, the jury were told that " The accused is a competent witness in his own behalf, and they should give his evidence such consideration as they may think it fairly entitled to." Instructions must be construed together. If the law be correctly expounded when so construed it will not be error that a single instruction when taken by itself is too broad in its terms. *Mask's Case*, 7 Geo. 77 ; 24 Mich. 217.

*T. S. Ford*, Attorney General, also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

By the sixth instruction for the State the jury was told that " It is true that under the laws of this State the defendant is a competent witness in his own behalf, but in weighing his testimony the jury should consider the interest he has in the result of the same, and they may disregard it altogether." This was clearly wrong. The jury had no right to disregard the testimony of the defendant merely because he was such and deeply interested in the result. The statute makes a defendant a competent witness, and while it is for the jury to determine the weight to be given to his evidence, it

is not allowable for the court to annul the statute in effect by admonishing the jury of the interest the defendant has in the result and authorizing it capriciously and wantonly to disregard his evidence completely and entirely because of such interest. This interpretation may have been put on the sixth instruction, although not so intended by the learned judge who gave it, and it was not cured by the proper instructions for the accused on the same subject. His own testimony may be the only shield of an innocent person. A defendant has the right to submit his testimony to the jury to be judged of by it, uninfluenced by any suggestions of its probable falsity or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation to the defendant to swear falsely. · There is little danger that juries will be unduly influenced by the testimony of defendants in criminal cases. They do not need any cautioning against too ready credence to the exculpation furnished by one on trial for a felony. The accused should be allowed to exercise his right to testify unimpaired by any suggestions calculated to detract from its value in the estimation of the jury.

*Reversed and remanded.*