STATE of Iowa, Appellee,

v.

Eugene Anthony BESTER, Appellant.

No. 53189.

Supreme Court of Iowa.

May 6, 1969.

Holmes & Ralph, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., Ray Fenton, County Atty., and James D. McKeon, Asst. County Atty., for appellee.

BECKER, Justice.

Defendant Eugene Bester was indicted, tried by a jury of twelve and found guilty of murder in the first degree. His appeal assigns as error the giving of two instructions dealing with evidence of flight and the weight to be given defendant's testimony. We reverse and remand for new trial.

The fatal shooting was an outgrowth of the relationship of two men and a woman. Defendant was seeing and often in the company of Mrs. Rose Washington in February 1968. Mrs. Washington and her husband, Bobby Washington, were separated. Part of the marital trouble was the relationship between defendant and Mrs. Washington. About a week after the separation Bobby saw defendant in a filling station. A fight ensued. Bobby threatened to kill defendant when they met at the filling station and repeated the threat when he found defendant and his wife together driving across the bridge on Walnut street in Des Moines. Washington had one or more guns; defendant testified he knew this and was afraid Washington would shoot him.

The borrowed car defendant was using at this time had an old shotgun in the trunk. The gun had a loose trigger guard, a loose stock and was in general disrepair. Defendant got some shells for the gun. Shortly thereafter Washington and his wife engaged in a street fight over damage done to Washington's apartment by his wife. Washington knocked his wife down. Defendant went to the car, got the shotgun and fired two shots in the direction of Washington but did not hit him. Defendant reloaded the gun, turned and shot Carl Cooley in the leg, severing the femoral artery which caused Cooley to bleed to death. The precise details of this altercation are in sharp conflict. Defendant fled the scene and was later picked up by the police in the near vicinity. Because of the ruling here made the conflict over what actually happened at the scene need not be spelled out in detail. Suffice to say, the State produced sufficient evidence to justify a jury finding of murder in the first degree. Defendant claims the gun was discharged in the direction of Cooley entirely by accident. This story is not entirely uncorroborated. The jury accepted the State's version.

I. Defendant's first assignment of error attacks the validity of instruction No. 14 which reads: "The law gives the defendant the right to testify in his own behalf, and it is for the jury to determine the weight to be given to his testimony, as in the case of any other witness.

"In considering and weighing his testimony you are not required to receive the testimony of the defendant as true, but to give it full and careful consideration, and determine whether it or any part of it is true or false, and whether such testimony is given by the defendant in good faith or for the purpose of avoiding conviction. You may take into consideration his interest in the outcome of this case as a person charged with a crime, and you should give his testimony such weight as you deem it entitled to in view of all the facts and circumstances in evidence before you."

The court gave the usual instruction on the law governing the weight to be given all evidence which read in part: "In pass-

ing on the credibility of the witnesses and weighing their testimony, you may and should consider * * * their interest or lack of interest in the result of the trial, the motives, if any, actuating them as witnesses, their candor, fairness, bias or prejudice, the reasonableness and probability of their statements or the want thereof, * * *."

In 1940 we considered such an instruction which was attacked on fair trial (nonconstitutional) grounds, State v. Gibson, 228 Iowa 748, 754, 292 N.W. 786, 788. In disposing of the contention the court noted: "We think this complaint is not justified. Some members of this court feel that this instruction might well have been omitted but instructions of the same substance and effect have frequently been approved by this court and the majority is of the view that these cases should not be overruled. It follows that the court did not err here."

The identical instruction withstood similar attack on constitutional and fair trial grounds in State v. Ford (October 1966), 259 Iowa 744, 145 N.W.2d 638, three justices dissenting. We have recently considered identical or very similar instructions five times; State v. McClelland, Iowa, 164 N.W.2d 189; State v. Miskell, Iowa, 161 N.W.2d 732; State v. Allnutt, Iowa, 156 N.W.2d 266; State v. Alford, Iowa, 151 N.W.2d 573; State v. Shipley, 259 Iowa 952, 146 N.W.2d 266, and beginning with State v. Alford recommended the instruction be omitted.

We consider the problem once more. It is argued here, as it was argued in each of the cited cases, that the giving of the instruction violates defendant's rights under Amendment 5 to the United States Constitution. Heavy reliance is placed on Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. We do not reach the constitutional issue but approach the problem from the standpoint of defendant's right to a fair trial.

II. State v. Ford, supra, cites many Iowa cases holding the giving of such an instruction is not reversible error under Iowa law. The case refers to the annotation at 85 A.L.R. 523, 538 (1933), for a full discussion of the problem. The annotation, with its wealth of citations, indicates the problem has plagued all of the courts of these states from time to time through the years. The annotator states: "In a majority of the jurisdictions, the view obtains that it is proper for the trial court, in an instruction, to direct the attention of the jury to the fact that the defendant is interested in the result of the trial, or to the fact that he is the defendant, as matters affecting the jury's determination of the credibility of the defendant as a witness."

However, the rule is not universal. Arizona, California, Idaho, Kentucky, Louisiana, Mississippi, Missouri, Nevada, Oklahoma, South Carolina and Texas are cited as holding such an instruction is prejudicially erroneous. 85 A.L.R. 577. The rule recognized by those states has also been recognized by this court in a general way but we have consistently refused to apply it to a defendant's testimony.

In State v. Asbury, 172 Iowa 606, 614, 154 N.W. 915, 918, we considered admissibility of certain evidence but in so doing we stated a general rule recognized in Iowa: "* * * This court has held, as have many others, very many times, that though an instruction upon the weight and credibility to be given to testimony was abstractly correct, it was yet error to single out some one witness or some party for its application. * * *" The reasons for the minority view should be examined.

State v. Rogers, 30 Idaho 259, 163 P. 912, 916 states: "As to instruction No. 30, we have to say that this instruction has, no doubt, been frequently given by trial

courts of this state. Nevertheless, upon a careful examination of the language here used, and of the authorities, we are convinced that it is erroneous. This instruction reads as follows:

" 'The court instructs you, as a matter of law, that when the defendant testified as a witness in this case, he became as any other witness, and his credibility is to be tested by, and subject to, the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded his testimony, *the jury have a right to take into consideration the fact that he is interested in the result of the trial, as well as his demeanor and conduct upon the witness stand, and during the trial, and whether or not he has been contradicted or corroborated by other witnesses or circumstances.*' (Italics ours.)

"The words italicized, it is insisted by counsel for appellant, are prejudicial, for the reason that the defendant is singled out and the attention of the jury is particularly directed to his credibility as a witness. We think the better rule for the court to follow is not to single out any special witness personally and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of a witness should be general and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no particular reason why he should be visited with condemnation upon the one hand or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated, no better and no worse. And the giving of such instruction cannot be regarded as otherwise than erroneous. People v. Maughs, supra [149 Cal. 253, 86 P. 187]; Fletcher v. State, 2 Okl.Cr. 300, 101 P. 599, 23 L.R.A.,N.S., 581; Culpepper v. State, supra [4 Okl.Cr. 103, 111 P. 679,

31 L.R.A.,N.S., 1166]; Buckley v. State, 62 Miss. 705; State v. Webb, supra [6 Idaho 428, 55 P. 892]; People v. Vereneseneckockockhoff, 129 Cal. 497, 58 Pac. 156, 62 Pac. 111; vol. II Thompson, Trials (2d Ed.) § 2421; Banks v. State, 2 Okl.Cr. 339, 101 Pac. 610; Crow v. State, 3 Okl.Cr. 428, 106 Pac. 556."

In condemning the giving of general instructions to consider the interest of witnesses where defendant was the sole witness for the defense, the Supreme Court of Mississippi in Hall v. State, 250 Miss. 253, 165 So.2d 345, 351, said: "In the case of Buckley v. State, 62 Miss. 705, the Court said: 'A defendant has the right to submit his testimony to the jury to be judged by it, uninfluenced by any suggestions of its probable falsity or an authorization to the jury to throw it aside as unworthy of belief because of the strong temptation to the defendant to swear falsely. There is little danger that juries will be unduly influenced by the testimony of defendants in criminal cases.' * * * "

In Missouri the conflict on this point extended from about 1906 to 1917 when a divided court in State v. Finkelstein, 269 Mo. 612, 191 S.W. 1002, 1004, finally resolved the matter for that state by citation from a dissent written eleven years before: " * * * In the Barrington case [State v. Barrington] Valliant, J., at page 126 of 198 Mo. [23], at page 269 of 95 S.W. [235], said: 'If the jury were to weigh his testimony under the same rules as the testimony of the other witnesses was to be weighed, why single him out and caution the jury to bear in mind his interest, and therefore (by implication) his strong temptation to testify falsely in his own behalf? There is no authority in our statute for such an invasion of the jury's province. Section 2637, Rev.Stat. 1899, which gives a defendant, or the wife or husband of a defendant, the right to testify in his behalf, says that the fact of the interest may be shown, that is, proven, for the purpose of affecting

his or her credibility, but that does not authorize the court to single out the witness, whether it be the defendant or the defendant's husband or wife, and comment on his or her testimony; in fact, section 2639 expressly forbids the court to comment on the evidence. I am aware that instructions of like character in other cases have been approved by this court, but I am not reconciled to them.' "

The Missouri Supreme Court then adopted the reasoning of the early dissent and declared the giving of such an instruction to be reversible error.

The Finkelstein dissent argues forcefully that similar instructions had been approved in Missouri for over forty years and the principle should not be abandoned. However, the disapproval of such an instruction was firmly adhered to by the Missouri Supreme Court which reversed some seven cases in the same year on the same grounds and the matter did not again arise in Missouri until 1934. What we now take to be the Missouri rule on the whole matter was stated in State v. Stallings, 334 Mo. 1, 64 S.W.2d 643, 646: "Since the case must be remanded for a new trial, it may not be amiss to call attention to instruction No. 10 apparently given in appellant's favor. The instruction told the jury that the law permitted appellant to be a witness for himself and that they had no right to disregard his testimony on the ground that he was the defendant on trial charged with the commission of the crime. This instruction seems to be the converse of an instruction that was formerly approved, the giving of which has long been considered reversible error. That is, an instruction which informed the jury that a defendant was a competent witness in his own behalf, but calling the jury's attention to the fact that he was the defendant on trial and that the jury could take this into consideration as affecting his credibility as a witness. State v. Finkelstein, 269 Mo. 612, 191 S.W. 1002; State v. Sparks (Mo.Sup.) 195 S.W. 1031.

The instruction was condemned because it singled out the defendant as a witness and usurped the province of the jury in weighing his evidence. Instruction No. 10 given in this case, though favorable to appellant, is subject to the same criticism and should not be given even if requested because it would be error against the state."

The Supreme Court of California in People v. Boren, (1903) 139 Cal. 210, 72 P. 899, 901, said: "It is also contended that the court erred in its instruction to the jury relating to the testimony defendant gave in his own behalf. Said instruction is a literal copy of the instruction upon that subject in People v. Cronin, 34 Cal. 191, 195, which has been followed in many cases, though with reluctance. See People v. Van Ewan, 111 Cal. 144, 43 Pac. 520, and numerous cases there cited. We feel constrained to again say, as was said in People v. Van Ewan, above, that it is difficult to logically attribute the giving of any instruction whatever on the subject of defendant's testimony to anything else than a purpose to expressly disparage a witness before a jury—the very thing that a court has no authority to do, in view of our constitutional provision. Justice would be more surely accomplished if no such instruction were given, and the credibility of the defendant were left entirely to the jury, as this court has often said. The instructions requested by the defendant were properly refused by the court * * *"

The above reasoning is applicable to section 781.12, Iowa Code, 1966, which reads: "Defendant as witness. Defendants in all criminal proceedings shall be competent witnesses in their own behalf, but cannot be called as witnesses by the state."

Iowa no longer has a statutory prohibition against judicial comment on the evidence but this court has reversed cases repeatedly where the instructions constituted such comment. Frederick v. Gaston, 1 Greene 401, 404: " * * *. But in this

state, the legislature to protect the people against any interference of the court upon matters of fact submitted to the jury and to secure to parties a full and perfect trial, have passed a law by which the court are confined to instructing the jury upon questions of law. The statute provides that the District Court in charging the jury shall only instruct them as to the law of the case. Rev.Stat., p. 475, § 35."

Smith v. Cedar Rapids Country Club, 255 Iowa 1199, 1210, 1211, 124 N.W.2d 557, 564, states: " * * * It is not the province of the court in such a case to pass upon the credibility of the several witnesses and say one's opinion is more likely to be correct than another. The jury is to determine the weight to be given this evidence. Noyes v. Des Moines Club, supra, 178 Iowa 815, 818, 160 N.W. 215."

In this case it is defendant's claim he shot decedent by accident. This defense rests largely on defendant's testimony and the weight to be given to it. It was therefore of prime importance to defendant that the case not be weakened by special judicial comment on defendant's interest in the case and the weight to be given his testimony as distinguished from the testimony of other witnesses.

■ After careful and repeated review of the considerations involved in the permissive use of a jury instruction which singles out and comments upon the testimony of a defendant, we conclude the giving of such an instruction constitutes reversible error.

III. The conclusion reached in Divisions I and II necessitates consideration of defendant's second assignment of error. Instruction No. 13 told the jury: " * * * if you find the offense charged herein was committed and that the defendant fled from the scene for the purpose of avoiding and retarding the prosecution, then such flight was a circumstance tending to connect the defendant with the commission of the crime; and the jury would be justified in considering such flight as evidence of guilt." Defendant does not contend the statement is incorrect as a statement of the law of this State. The objection is that the issues do not justify the giving of such an instruction.

■ Defendant admitted he was the person who shot Carl Cooley. Therefore the instruction had no basis in the evidence and was improperly given. We cannot agree.

Defendant cites State v. Foster, 130 N.C. 666, 41 S.E. 284, 89 Am.St.Rep. 876, where defendant also admitted doing the act and further admitted he was guilty of murder in the second degree. The sole issue was whether he was guilty of murder in the first degree. Thus, said the court, only the questions of deliberation and premeditation were in issue and an instruction on evidence of flight was not proper. We do not find the argument persuasive here. While defendant admitted the act, he contends the shooting was accidental and admits no degree of guilt.

"It is well settled that the conduct of an accused person following the commission of an alleged crime may be circumstantially relevant to prove both the commission of the acts charged to the accused and the intent and purpose with which those acts were committed. Among such acts are flight of the accused and concealment of the results of the crime." Rivers v. United States, 9 Cir., 270 F.2d 435, 438.

This court has consistently approved the giving of a flight instruction where such instruction is germane to the evidence. State v. Wimbush, Iowa, 150 N.W.2d 653, 656, 657 and cases cited. Defendant does not question the propriety of the instruction in a proper case. The evidence was

in sharp conflict as to whether the shooting was accidental or something more that would amount to first degree murder or one of the included offenses.

■ Defendant does not complain of the admission of evidence of flight. See Anno. 25 A.L.R. 886, 894 for a review of early Iowa cases on this subject. Such evidence was properly admitted under our case law and since the flight instruction is approved in this State we must conclude it was properly given here.

For the reasons given in Division II we reverse and remand for new trial.

LARSON, STUART, MASON, RAWLINGS and LeGRAND, JJ., concur.

GARFIELD, C. J., and MOORE and SNELL, JJ., dissent.