STATE of Iowa, Appellee,

v.

Ronald M. LUDWIG, Appellant.

No. 63897.

Supreme Court of Iowa.

May 13, 1981.

Daniel C. Galvin of O'Brien & Galvin, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal and Roxann M. Ryan, Asst. Attys. Gen., and Richard D. Zito, Asst. Osceola County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN, and LARSON, JJ.

REYNOLDSON, Chief Justice.

Defendant appeals from judgment entered after a jury found him guilty of two counts of arson, in violation of former sections 707.2 and 707.4, The Code 1977. He asserts he was prejudiced by a jury instruction on the credibility of witnesses. He also contends trial court abused its discretion in sentencing him to imprisonment. We affirm.

November 28, 1977, defendant was charged by trial information with three counts of arson after fire destroyed a nightclub he owned. One count was dismissed before the case was submitted to the jury.

Defendant pled "not guilty" and waived his speedy trial right. A jury trial commenced June 5, 1979. Because defendant did not request that the procedural provisions of the new criminal code apply to his trial, the provisions of the 1977 Code were applicable. *See* § 801.5(2)(b), The Code. Fifteen witnesses testified for the State. Defendant was the sole witness in his own defense. Following the guilty verdicts, defendant was sentenced to concurrent prison terms of not more than ten years on count I and not more than five years on count II.

■ I. Defendant first contends that because he was the only defense witness he was prejudiced by jury instruction 5. The challenged portion of the instruction, a verbatim recital from ISBA Uniform Criminal Jury Instruction 105, relevantly stated:

In passing on the credibility of the witnesses and weighing their testimony, you may and should consider their appearance and conduct on the witness stand, their age, intelligence, strength of memory, and means of knowledge of matters of which they speak, the remoteness of events about which they testify, *their interest or lack of interest in the result of the trial,* the motives, if any, actuating them as witnesses, their candor, fairness, bias or prejudice, the reasonableness and probability of their statements or the want thereof, *whether their testimony is corroborated or contradicted by other witnesses, or facts proven,* and from all of these and all other facts and circumstances proven upon the trial determine where to give credit and where to withhold the same, and give to the testimony of each witness the weight to which you believe it is fairly entitled.

(Emphasis supplied.)

At trial, defense counsel excepted to the phrase relating to the interest a witness may have in the trial, on the ground that because of defendant's compelling interest in the result of the trial, the instruction would "draw to the jury's attention the fact of the defendant having testified and [suggest] a compelling reason for [defendant's] testifying in a way that would have bearing on the trial result." He also excepted to those provisions that directed the jury to consider whether a witness's testimony was corroborated or contradicted at trial. Defendant argued that language "could suggest to the jury that testimony of the defendant becomes credible only if there is some corroboration of it by other witnesses or facts."

Defendant asserts this instruction not only is prejudicial, but that the prejudice is exacerbated when a defendant is the sole witness in his or her own defense. We do not agree. The uniform instruction by its terms is applicable to all witnesses who testify at trial, not only to defense witnesses or only to a defendant who takes the witness stand. If the instruction did single out the defendant, so that the jury was instructed to view the defendant's testimony in a different light than that of other witnesses, it clearly would be prejudicial. We struck down such an instruction in *State v. Bester,* 167 N.W.2d 705, 708, 710 (Iowa 1969).

In *Bester* we identified as our chief concern the danger of "special judicial comment on defendant's interest in the case and the weight to be given his testimony as distinguished from the testimony of other witnesses," *id.* at 710, and cautioned:

Instructions as to the credibility of a witness should be general and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no particular reason why he should be visited with condemnation upon the one hand or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated, no better and no worse.

*Id.* at 708.

Here instruction 5 did not carry with it the danger of distinguishing defendant's testimony from that of other witnesses, and is consistent with the *Bester* criteria. The generality of the instruction properly assigned to the jury the task of assessing the witnesses' credibility, *see Smith v. Darling*

& Co., 244 Iowa 133, 141, 56 N.W.2d 47, 52 (1952); 81 Am.Jur.2d Witnesses §§ 658, 663, 665–66 (1976), and the guidelines provided for assessing that credibility properly apply to all witnesses generally, see 75 Am.Jur.2d Trial § 867 (1974). Such an instruction cannot be said to prejudice the defendant who testifies in his or her own behalf, especially where, as here, other witnesses do testify at the trial.

A case relied on heavily by defendant, Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964), erroneously assumes a defendant is the only witness with an interest in the outcome of a trial. See id. at 265–67, 165 So.2d at 350–51; see also Sumrall v. State, 343 So.2d 481, 482 (Miss.1977). This clearly was not the case here, for several prosecution witnesses, such as defendant's employees, representatives of defendant's insurer, and arson investigators, may be said to have ascertainable interests in the outcome of defendant's arson trial. As trial court ruled, this instruction "does not single out the defendant any more than any other witnesses who may have an interest in the case."

Similarly, the portion of the instruction that states the jury should consider whether the witnesses' testimony was corroborated or contradicted does not, as defendant argues, shift the burden to defendant to provide additional testimony to corroborate his own. Like the entire instruction, that part applied to all witnesses, and did not require corroboration but merely allowed the jury to consider that factor along with the others enumerated in the instruction. The jury was instructed repeatedly that the State bore the ultimate burden of proof.

We recently approved uniform instruction 105 in State v. Langlet, 283 N.W.2d 330, 337 (Iowa 1979), where we noted it did not give "undue emphasis to . . . the testimony of particular witnesses," but was general and "refers to no specific evidence or witness." Id. We now specifically hold this general instruction may properly be given in cases even though the defendant alone testifies in his or her own defense.

■ II. Defendant's first challenge to the sentence imposed is based on several alleged statements by trial court that indicated the sentence of imprisonment was imposed in retaliation for defendant's refusal to plead guilty. However, the record does not support defendant's allegation such statements were in fact made. It is defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon. State v. Mark, 286 N.W.2d 396, 402 (Iowa 1979); see State v. Hicks, 277 N.W.2d 889, 895 (Iowa 1979). Defense counsel's allegations at the sentencing hearing did not preserve error on this ground.

■ Defendant also argues the court imposed an improper "policy" sentence, which he claims is evidenced by the court's statement at the sentencing hearing that "a twice-convicted felon in Osceola County can't walk away at liberty following his conviction."

Viewed in context, however, trial court merely was articulating the fact it had considered the potential for public deterrence in imposing the sentence. In this sentencing statement the court voiced a concern for the "profound influence" the disposition of the case would exert upon the many young people with whom the defendant had come in contact in the operation of his restaurants and taverns. It is true the court was candid in its desire to "make clear to them" (emphasis supplied) that a person convicted of these serious felonies would be punished, and its hope that these "impressionable" young people would realize they could not "do the same thing and expect to walk away at liberty." But the fact such concerns motivated this sentence does not render it improper.

The court stated on the record its reasons for imposing the sentence: the seriousness of the crime, the danger to the public, and the deterrence of similar criminal acts. All are proper sentencing objectives. See State v. Post, 286 N.W.2d 195, 204 (Iowa 1979) (general deterrence); State v. Buck, 275 N.W.2d 194, 195 (Iowa 1979) (seriousness of the crime); id.; State v. Kendall, 167

N.W.2d 909, 911 (Iowa 1969); § 901.5, The Code 1981 (public safety). Broad discretion is granted to trial court in imposing sentence, and if it is within the statutory limits it will be set aside only upon abuse of discretion. *See, e. g., State v. Gibb*, 303 N.W.2d 673, 687 (Iowa 1981); *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

There is no evidence trial court failed to apply a reasoned discretion by relying on a fixed policy never to grant parole in such cases, as the trial court improperly did in *Hildebrand, id.* at 396–97. Rather, the reasons given for imposition of this sentence were tailored to this particular defendant's circumstances and are supported amply by the record. This sentence was authorized by the statutes applicable when it was imposed. *See* §§ 707.2, .4, The Code 1977. We find no abuse of discretion.

III. Defendant also contends trial court erred in overruling his motion to strike amendments to the trial information and his motion for a continuance, and in admitting into evidence a tape recording and transcript that were not included in the minutes of testimony. Although defendant chose not to elaborate upon these allegations of error on appeal, we have examined the record and find them to be without merit. The judgment and sentence are affirmed.

AFFIRMED.