# IN THE COURT OF APPEALS OF IOWA

No. 16-2104
Filed July 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN RAY KERN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Paul R. Huscher,

Judge.


        A defendant contends the sentencing court abused its discretion in

sending him to prison for an aggravated-misdemeanor assault conviction.

**AFFIRMED.**


        Nicholas J. Einwalter, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

After pleading guilty to assault with intent to inflict serious injury, Dustin Kern received an indeterminate two-year prison term. On appeal, he contends the district court abused its discretion in denying his bid for probation. Because the reasons given by the district court reveal a proper exercise of discretion, we affirm the sentence.

Kern told police "some confrontational discussions via Facebook" spurred his assault on another young man in April 2016. Kern arrived at an apartment in Adel where he found several people, including his victim, Z.D. In his statement to police, Kern recalled telling Z.D. he was not afraid to "whoop his ass." Kern proceeded to hold down Z.D. while punching him repeatedly in the face. Z.D. suffered a black eye, swollen shut, as well as multiple cuts and bruises.

The State charged Kern with willful injury, a class "D" felony, in violation of Iowa Code section 708.4(2) (2016). The State reduced the charge to assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of section 708.2(1), in exchange for Kern's plea of guilty. Under the plea agreement, Kern was free to argue for what he considered an appropriate sentence and the State, "at worst," would make a recommendation consistent with the presentence investigation (PSI) report.

The PSI report recommended incarceration, noting Kern's history of "assaultive behaviors combined with substance abuse." According to the PSI, Kern committed burglary and assault while displaying a weapon in 2001, serving time in prison for those convictions until 2005. Kern had another assault conviction in 2014 and a conviction for possession of drug paraphernalia in 2015.

The PSI report pointed to Kern's "history of unsuccessful community supervision and his apparent propensity for violence," concluding "it appears the defendant cannot be safely managed in the community."

At the sentencing hearing, the State asked the district court to impose a term of imprisonment not to exceed two years. Defense counsel told the court his client's conduct "was fueled by his drug addiction" and asked the court to structure a probationary sentence, which could provide Kern "an opportunity to get the help that he greatly needs." Counsel believed Kern was "well-suited for that form of supervision, despite the stumbles that he's had in the past." In his allocution, Kern, who was thirty-three years old, admitted making "a lot of bad choices" in his life and said he was ready "to start going down a different road, because the one [he'd] been on was pretty bumpy." Kern told the court he recently made two "good choices" by getting married and starting a family.

After considering the statements of counsel and the PSI report, the district court noted Kern's unsuccessful probation in April 2014 and his drug paraphernalia conviction just two months before this assault. The court then gave the following reasons for imposing a prison sentence: "Based upon the circumstances and the violent offense, the defendant's prior criminal history, the need for protection of the public from further offenses, and all of the circumstances as stated in the [PSI] report, the court does not find that probation is appropriate in this case."

Kern appeals his sentence, alleging the district court acted unreasonably in choosing a term of confinement over probation.

We review Kern's sentence for correction of errors at law and will not reverse unless we find an abuse of discretion or a defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We entertain a presumption in favor of the sentence chosen by the district court, so long as it is within the limits of the statute. *See id.* A district court abuses its discretion when it chooses the sentencing option "on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The grounds are untenable when they are "not supported by substantial evidence" or are "based on an erroneous application of the law." *Id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

Kern argues the district court gave too much weight to his recent misdemeanor convictions when rejecting the option of community-based supervision. He claims his substance-abuse and mental-health issues "sadly" cannot be adequately addressed while in the custody of the Department of Corrections. Kern also complains the district court gave took little consideration to the fact he "now has a wife, and at the time of sentencing they were expecting a child." In Kern's view, "[s]uch life-changing events can't be glossed over in regard to how this time is different, how [he] could successfully complete a term of probation."

The State responds that "Kern's drug abuse and psychological needs can be addressed while he serves his sentence of incarceration." The State argues the district court "properly exercised its discretion in declining to grant a lenient sentence to a defendant with a significant criminal history, a pattern of squandering opportunities for reform, and significant treatment needs."

We are persuaded by the State's argument. "Granting probation is a matter of the trial court's broad discretion subject only to the statutory provision that the grant shall promote the rehabilitation of the defendant and the protection of the community." *State v. Ramirez*, 400 N.W.2d 586, 590 (Iowa 1987) (citing Iowa Code §§ 901.5, 907.5 (1985)). Here, the PSI report questioned whether Kern's violent behavior could be "safely managed in the community." In its statement of reasons satisfying Iowa Rule of Criminal Procedure 2.23(3)(d), the court highlighted the violent nature of this offense and Kern's criminal history, emphasizing "the need for protection of the public from further offenses" by Kern. The court identified valid sentencing objectives. *See State v. Ludwig*, 305 N.W.2d 511, 513–14 (Iowa 1981). We find no abuse of discretion.

**AFFIRMED.**