# IN THE COURT OF APPEALS OF IOWA

No. 18-0236
Filed October 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSEY SHANE PRITCHETT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.

Defendant appeals his conviction and sentence for escape due to ineffective assistance of counsel. **AFFIRMED**.

Cory J. Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Jessey Pritchett appeals his conviction and sentence for the crime of escape. Pritchett first asserts he received ineffective assistance of counsel because his counsel allowed him to enter a written guilty plea. He claims that had he appeared for a plea hearing, on the record, he would have been informed his plea may impact his probationary status on his prior conviction. He also claims his counsel was ineffective by allowing him to request immediate sentencing, thereby limiting his ability to "consider his options." We find he has not proved his ineffective-assistance-of-counsel claims, and therefore we affirm.

## I. Background Facts and Proceedings

Pritchett was committed to a residential center following an October 11, 2017 conviction of possession with intent to deliver a controlled substance. On December 1, he left the residential center and failed to return. On January 16, 2018, he was charged with escape in violation of Iowa Code section 719.4(2) (2017).[1] On January 29, he entered into a written guilty plea and waived his rights to appear in open court, to have a record of the proceedings, to delay sentencing, and to be present at sentencing. On January 30, the court accepted the plea and imposed a sentence of a $315 fine plus applicable surcharges and costs. He appeals.

---

[1] Iowa Code section 719.4(2) states:
> A person convicted of, charged with, or arrested for a misdemeanor, who intentionally escapes, or attempts to escape, from a detention facility, community-based correctional facility, or institution to which the person has been committed by reason of the conviction, charge, or arrest, or from the custody of any public officer, public employee, or any other person to whom the person has been entrusted, commits a serious misdemeanor.

## II. Standard of Review

"Generally our review of a challenge to the entry of a guilty plea is for correction of errors at law. However, when the challenge arises in the context of an ineffective-assistance claim, our standard of review is de novo." *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006) (internal citations omitted).

## III. Assistance of Counsel

For an ineffective-assistance-of-counsel claim, the defendant must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

### A. Entry of Plea Without a Record

Pritchett asserts counsel inappropriately allowed him to enter a written guilty plea without having a record created in open court. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) (citing *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981)). The lack of record does not automatically establish an error by counsel.

Pritchett asserts he would have been advised of the impact of this guilty plea on his probationary status for his prior conviction had a record been created. "[C]ounsel must inform the defendant concerning the direct consequences of a guilty plea. But counsel is not ordinarily required to advise specifically of indirect or collateral consequences . . . ." *Saadiq v. State*, 387 N.W.2d 315, 326 (Iowa 1986). "The distinction between 'direct' and 'collateral' consequences of a plea . . . turns on whether the result represents a definite, immediate and largely automatic

effect on the range of defendant's punishment." *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998) (quoting *State v. Warner*, 229 N.W.2d 776, 782 (Iowa 1975)).

The possible revocation of Pritchett's probation for a prior conviction was not a certain effect occurring as a direct result of his plea in this case.[2] Because such revocation was not a "definite, immediate and largely automatic effect on the range of [his] punishment," it amounts to a collateral consequence. *See id.* (quoting *Warner*, 229 N.W.2d at 782). "The failure to advise a defendant concerning a collateral consequence, even serious ones, cannot provide a basis for a claim of ineffective assistance of counsel." *Id.* at 910. Since Pritchett's possible probation revocation is a collateral consequence, his counsel's failure to advise does not provide a basis for an ineffective-assistance-of-counsel claim. *See id.*

## B. Entry of Plea Without a Fifteen Day Delay Before Sentencing

Pritchett also asserts his counsel was ineffective by allowing him to waive his right to a fifteen-day delay and request immediate sentencing. He claims if he had known about the possible probation revocation, then the fifteen days would have allowed him "adequate time to consider his options." Pritchett's vague assertion does not explain what essential duty counsel failed to perform by requesting immediate sentencing. *See Straw*, 709 N.W.2d at 133.

Even if counsel had failed to perform an essential duty, Pritchett must show prejudice resulted from the failure. To show prejudice, a defendant must show "there is a reasonable probability that, but for counsel's error[], he [or she] would

---

[2] The record on appeal is silent as to the status of his probation following the entry of the judgment and sentence on this guilty plea.

not have pleaded guilty and would have insisted on going to trial." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)). Pritchett fails to show any prejudice caused by such failure besides an opportunity to "consider his options."

## IV. Conclusion

We conclude Pritchett has not proved he received ineffective assistance of counsel.

**AFFIRMED**.