**STATE of Iowa, Appellee,**

v.

**Lawrence Tyron HOLMES, Appellant.**

**No. 53466.**

Supreme Court of Iowa.

April 7, 1970.

Gerald R. Ralph, of Holmes & Ralph, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

MASON, Justice.

Lawrence Tyron Holmes, charged by county attorney's information with robbery with aggravation as defined by sections 711.1 and 711.2, Code, 1966, was convicted by a Polk County jury. After overruling defendant's motions for new trial, in arrest of judgment and for judgment notwithstanding the verdict, the trial court sentenced him to imprisonment in the state penitentiary for a term of twenty-five years.

In his appeal defendant seeks reversal of his conviction contending the trial court erred in giving instruction 10 bearing on the weight to be given his testimony, since it denied him a fair trial.

The incident giving rise to the criminal charge occurred about 9:30 p. m. August 1, 1967, when two armed men entered Ward's Drug Store in Des Moines and ordered the owner, a registered pharmacist and two customers to "hit the floor". One robber struck the pharmacist on the head, knocked him down, took his billfold, came around, hit one customer, knocked him to the floor and took his wallet. The two men forced the owner to open the safe in the pharmacy area, took $900 and fled. Defendant was later apprehended and identified as one of the robbers.

I. Defendant's case proceeded to trial October 16, 1968. Before the court read its instructions to the jury, copies in final form were submitted to counsel. At this point in the trial and again in motion for new trial, defendant objected to the giving of instruction 10, asserting it denied him a fair trial.

Defendant's notice of appeal was perfected December 4. It is to be noted, his challenge to instruction 10 in this court is based on the same contention.

May 6, 1969, this court announced its decision in State v. Bester, Iowa, 167 N.W. 2d 705, 706–707, holding that the giving of an instruction identical to that given here constituted reversible error. Defendant argues the decision in that case should be applied here.

The State, on the other hand, argues the court did not err in giving instruction 10, since the present case was tried approximately six months before Bester was decided and, with the exception of that case, its holding should be applied prospectively.

Similar contentions were urged by the accused and prosecution in State v. Thrasher, Iowa, 175 N.W.2d 397, filed March 10, 1970, where we observed from an extended review of cases the United States Supreme Court had made several different choices as to the extent to which its particular new rules were entitled to retroactive effect with respect to litigation which was pending or had become final at the time of the announcement of such rules.

Although the Thrasher case was tried approximately one year before the Bester decision was announced, we held the rule announced in Bester should be applied.

We thus extended the effect of Bester by applying it to a case pending on direct appeal at the time of the announcement of the Bester decision to control the legal consequences flowing from a fact situation which occurred at a point earlier in time than the announcement in Bester. When used in this sense a decision is regarded as being given retroactive effect by the authors of the Annotation in 22 L.Ed.2d 821, 824, while "a case is regarded as involving purely prospective effect when the new rule is confined in its operation to future cases arising from fact situations occurring after the announcement of the new rule."

Our decision in Thrasher as to the extent to which the rule announced in Bester was entitled to effect with respect to litigation pending on appeal at the time Bester was announced was based on consideration of a defendant's right to a fair trial.

The merits of the appeal are governed by our decision in State v. Thrasher, supra. It is therefore reversed.

All Justices concur except LeGRAND, J., who concurs in the result and UHLEN-HOPP, J., who takes no part.