STATE of Iowa, Appellee,

v.

Ralph MORRISON, Appellant.

No. 53882.

Supreme Court of Iowa.

Feb. 9, 1971.

Joseph C. Johnston, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and Michael J. Laughlin, Asst. Atty. Gen., for appellee.

LeGRAND, Judge.

A jury found defendant guilty of larceny of a motor vehicle in violation of

section 321.82, The Code. He appeals from sentence on that verdict, alleging four errors as grounds for reversal.

Defendant claims the trial court improperly instructed the jury concerning his possession of recently stolen property; there was no evidence corroborating the testimony of his alleged accomplice as required by section 782.5, The Code; there was error in the admission of certain evidence; and he was compelled to give evidence against himself in violation of Amendment 5 to the Constitution of the United States.

In affirming the trial court, we consider these assignments in the order listed above.

■ I. The testimony showed defendant was in possession of a 1964 Corvette automobile within a few hours after it had been stolen in Iowa City.

The trial court instructed the jury that such evidence "is a circumstance to be taken into consideration by you in arriving at your verdict" and that unless satisfactorily explained it "is sufficient upon which to base a conviction, provided upon the whole case you are satisfied beyond a reasonable doubt of the defendant's guilt."

Defendant made timely objection to this instruction, alleging that it placed upon him the burden of explaining his recent possession of stolen property and, further, that it implied guilt on his part for failure to testify or offer proof. Defendant asserts the instruction deprived him of his constitutional right to a presumption of innocence and violated his privilege against self incrimination.

Although conceding instructions in substantially similar form have been approved by this court, defendant urges we must now reassess our position in the light of Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and State v. Kimball (Iowa, 1970), 176 N.W.2d 864, 869.

In Griffin the Supreme Court held it was reversible error for either the prosecutor or the court to comment on defendant's failure to testify as being evidence of guilt.

In Kimball, decided five years after Griffin, we held the trial court should be careful not to violate the "spirit" of Griffin. We said any instruction on defendant's failure to testify, even one which cautions the jury to draw no inference therefrom, would be reversible error unless specifically requested by the defendant.

While we do not approve the wording of the instruction as a model to be followed, we do not believe it constitutes reversible error nor that it conflicts with either Griffin or Kimball. Unlike those cases, here it is not defendant's *silence* which is said to raise an inference. It is his *possession of recently stolen property* which does so.

The propriety of such an instruction has been considered by various federal circuit courts since the Griffin case. It has invariably been approved. United States v. Coppola (1970), 2 Cir., 424 F.2d 991, 994; United States v. Brotherton (1970), 8 Cir., 427 F.2d 1286, 1288; Kramer v. United States (1969), 8 Cir., 408 F.2d 837, 839; Anderson v. United States (1969), 8 Cir., 406 F.2d 529, 535; Kowalewski v. United States (1969), 9 Cir., 418 F.2d 118, 121, and Smith v. United States (1969), 5 Cir., 413 F.2d 1121, 1125. See also Volume I, Federal Jury Practice and Instructions, Devitt and Blackman, sections 13.11, and 13.12, pages 284–290 and 52A C.J.S. Larceny § 105, page 586.

These circuit court opinions refute every argument raised by defendant. The Anderson case holds such an instruction does not shift the burden of proof nor constitute an adverse comment by the court. Kowalewski refers to the instruction as a "correct statement of the law." Coppola and Smith hold to the same effect.

Further support may be found in Harding v. United States (1964), 8 Cir., 337

F.2d 254, 257, which although decided before Griffin v. California was approved by the Brotherton case in 1970.

These cases all confirm our own opinions. See State v. Everett (Iowa 1968), 157 N.W.2d 144, 146. We have cited the federal authority because defendant so vigorously insists Griffin v. California, supra, controls. We do not believe it does. Nor do we believe there is anything in State v. Kimball, supra, to help defendant. In any event the prospective application of that case is limited to trials starting after May 5, 1970. Defendant was tried in 1969.

In this regard, too, we point out the transcript (but not the record) discloses defendant requested, and the court gave, a cautionary instruction concerning his failure to testify. (This is the procedure we later approved in the Kimball case.)

When we consider, as we must, all the instructions together—including the cautionary one given at defendant's request—and when we note no objection was made to those on burden of proof, presumption of innocence, or reasonable doubt, we are satisfied they fully and fairly set out the law for the jury. See United States v. Brotherton and Smith v. United States, both supra.

■ II. Defendant claims there was no corroboration of the testimony of Steven D. Icenbice as required by section 782.5 of the Code, which provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with ·the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

By answer to special interrogatory the jury found Steven B. Icenbice was defendant's accomplice. Therefore his testimony must have corroboration.

To comply with section 782.5 the State must depend upon the accomplice's father, Dale Icenbice. None of the other testimony tends in any way to connect this defendant with the crime. The elder Icenbice testified the defendant drove into his farmyard at 2:30 A.M. the night of the theft in a "low and long" car. He could not describe it by either make or color, but said it was a sport car. He positively identified defendant as the driver of the car. He further testified the defendant had a conversation with his son in the yard for about ten minutes. His son got in the car with defendant and the two drove away.

■ We have frequently said the existence of corroboration is for the court, the sufficiency for the jury. We have also said corroboration need not be "strong" and need only tend to connect defendant with the commission of the offense. Furthermore, corroborating evidence may be either circumstantial or direct. Under the principles announced by us in State v. Gill, 154 N.W.2d 722, 725, and State v. Schlater, 170 N.W.2d 601, 603, we believe the corroboration here was sufficient to permit submission of the case to the jury. The testimony of Dale Icenbice, if believed by the jury, would confirm the recitation by Steven D. Icenbice that defendant was in possession of an automobile answering the general description of the stolen vehicle just a few hours after its theft. We believe the question of corroboration was properly submitted to the jury.

■ III. Defendant says the trial court erred in permitting certain testimony of Dale Icenbice in narrative form. This assignment refers to a partial answer to one question only. When it appeared the answer would include some hearsay evidence, the court stopped the witness and directed the county attorney to proceed in question and answer form. The jury was instructed to disregard the testimony already given by the witness.

Defendant made no objection to this procedure. We find nothing prejudicial in the evidence stricken; but even if there were, the prompt ruling of the trial court and its direction that the answer be disregarded cured any possible error. See State v. Coffee, Iowa, 182 N.W.2d 390, filed December 15, 1970, and citations.

■ IV. As part of the cross-examination of his accomplice, Steven Icenbice, defendant introduced a letter he had received from the witness for the purpose of discrediting him. However, the letter also implicated the defendant. Defendant now says he was compelled to use this letter in order to show the jury his accomplice should not be believed. He argues the effect was to require him to give evidence against himself in violation of Amendment 5, Federal Constitution.

We doubt if this is the type of evidence which is afforded constitutional protection under Amendment 5. Putting that aside, however, there is another reason why defendant cannot prevail. He cannot voluntarily use evidence which appears advantageous to him at trial and, when convicted, claim its use violated his constitutional rights. We find no merit in this assignment.

Finding no reversible error, we affirm the judgment of the trial court.

Affirmed.

All Justices concur, except BECKER and RAWLINGS, JJ., who dissent.

BECKER, Justice.

I respectfully dissent.

The instruction on the inferences to be drawn from possession of recently stolen property should be condemned. It is nothing more nor less than a singling out of, and judicial comment on, a specific item of evidence. In essence this is the same type instruction condemned in State v. Bester, 167 N.W.2d 705 (Iowa 1969).

In State v. Gillespie, 163 N.W.2d 922, 927 (Iowa 1969), this court said:

"The requests referred to proper matters of argument. Defendant's counsel argued to the jury no confession, admission of guilt or gun was produced and that a reasonable doubt could arise from such lack of evidence. But instructions to the jury should not argue the case for either side or call special attention to matters of evidence thought to be favorable to one party, at least without mention of related matters favorable to his adversary. There is almost no limit to instructions of this kind which might be given if the practice were approved. These precedents, although perhaps not directly in point, lend support to our holding in this division: State v. Dunne, supra, 234 Iowa 1185, 1194–1195, 15 N.W.2d 296, 301; Belle v. Iowa State Highway Commission, 256 Iowa 43, 50–51, 126 N.W.2d 311, 315; Boyer v. Iowa High School Athletic Assn., 260 Iowa 1061, 152 N.W.2d 293, 299, and citations in these opinions.

"The Belle opinion cites many decisions for this: 'It is well settled that instructions should not unduly emphasize any phase or particular theory of the case.'"

If the above reasoning is valid as to defense requested instructions, it should be valid as to State requested instructions. The effect of proof of possession of recently stolen property should be a matter for jury argument not jury instruction.

RAWLINGS, J., joins in this dissent.