### Ex parte Robert James ATES.

### No. 46203.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Robert James Ates, pro se.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

This is an appeal from an order denying a writ of habeas corpus.

Petitioner claims that he was denied due process when the Board of Pardons and Paroles revoked his parole on May 18, 1972 without a hearing.

The sole question presented by this appeal is whether the holding of the Supreme Court of the United States in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (June 29, 1972) shall be construed by this Court to have retroactive application in this State.

As we construe the opinion, the rules announced by the Court in Morrissey are:

1. Arrest of Parolee and Preliminary Hearing:

Inquiry should be conducted at or near the place of the alleged parole violation occurrence as promptly as is convenient, to determine if there is probable cause or reasonable grounds to believe that the

arrested parolee has committed an act which would constitute a violation of parole conditions. This inquiry should be made by an independent officer (if a parole officer, then by one other than the one who made the report of parole violation or who has recommended revocation). This independent decision maker need not be a judicial officer. The parolee should be given notice of the hearing and its purpose and informed which parole violations have been alleged. He should be accorded the right of confrontation unless the hearing officer finds good cause for not allowing such confrontation. The parolee may appear in person and present evidence. At the conclusion of such hearing the hearing officer shall make a summary of what has transpired at the hearing and shall determine whether there is probable cause to hold the parolee for a final decision of the parole board.

2. Revocation Hearing:

If desired by parolee such hearing should decide any contested facts and determine whether they warrant revocation. Parolee should receive written notice of the claimed violations and must have an opportunity to be heard and show that either he did not violate the conditions of parole or that there were circumstances which mitigate against revocation. Such hearing shall be held promptly (within two months) after arrest of parolee and if parole is revoked, should result in a written statement by the factfinders announcing the evidence relied on and the reasons for the revocation of parole.

After setting out the aforementioned standards, the Supreme Court stated that:

"The few basic requirements set out above, *which are applicable to future revocations of parole* should not impose a great burden on any State's parole system."

We therefore conclude that the above rules shall be applicable in this State from and after the date of their announcement by the Supreme Court; to wit: June 29, 1972. See also Tex.Atty.Gen.Op. No. M–1178 (1972).

The relief prayed for is denied.