Jerry Elmo HORSTMAN,
Appellant,

v.

STATE of Iowa, Appellee.

No. 55634.

Supreme Court of Iowa.

Sept. 19, 1973.

Sheridan, Sheridan & Mellick, Waukon, for appellant.

Richard C. Turner, Atty. Gen., Fred Haskins and C. Joseph Coleman, Asst. Attys. Gen., John W. Shafer, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

Following his conviction for breaking and entering, petitioner was sentenced under section 708.8, The Code, to serve a term of not more than 10 years in the Men's Reformatory.

He seeks to escape that penalty by two distinct and separate avenues. First, he appeals from denial of his application for postconviction relief under chapter 663A, The Code. On the issues thus raised, we affirm the trial court.

Secondly, having failed to perfect an appeal from the judgment sentencing him to a term in the reformatory, he has now filed an application for permission to take a delayed appeal from that judgment. We ordered this application submitted with the postconviction appeal. For reasons set out in Division III hereof, we grant per-

mission for petitioner to take a delayed appeal.

Petitioner was sentenced on December 26, 1967. He was paroled from the Men's Reformatory on December 6, 1969. His parole was revoked without a hearing on February 10, 1971, when he was returned to the institution to serve out the balance of his term.

At the postconviction hearing, no oral evidence was taken. The matter was submitted on stipulated facts consisting principally of the court records in the criminal case leading to petitioner's original conviction. Although the application for postconviction relief lists numerous complaints, it was agreed at the hearing that petitioner relies on only two claims of error. He asserts violation of his constitutional right of due process by reason of the fact his parole was revoked without a hearing. See Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972). He also insists he is entitled to have the time he was on parole—fourteen months—credited on his sentence under section 247.12, The Code, 1973.

Both arguments are based on important changes in the law which occurred after petitioner's conviction and sentence in 1967, one by decision of the Supreme Court of the United States and the other by statutory amendment to our parole provisions.

■ I. Our first question is to decide if Morrissey v. Brewer, supra, is retroactive. If not, the first claim of error is without merit as we have long held a parole may be revoked without notice or hearing. Gardels v. Brewer, 190 N.W.2d 803, 807 (Iowa 1971); Cole v. Holliday, 171 N.W.2d 603, 609 (Iowa 1969). Since Morrissey, this is no longer permissible as to *future* revocations of either parole or probation. Our question concerns its applicability to *past* revocations.

A number of courts have considered the impact of Morrissey. See Parker v. Cardwell, 32 Ohio App.2d 193, 289 N.E.2d 382, 385 (1972); Rogers v. Hurley, 486 S.W.2d 696, 697 (Ky.App.1972); Ex Parte Ates, 487 S.W.2d 353, 354 (Tex.Cr.App.1972); Griffin v. California Adult Authority, (9th Cir. 1972) 464 F.2d 602, 603 (footnote #1). All say the case is not retroactive, and indeed that conclusion seems inevitable from the specific language of the Morrissey opinion limiting it to "future revocations of parole." (92 S.Ct. 2593, 33 L.Ed. 2d at 499).

The recent case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), appears at first glance to apply the Morrissey standards retroactively to a Wisconsin case. However, the court there simply affirmed (although it reversed on other grounds) Gunsolus v. Gagnon, (7th Cir. 1971), 454 F.2d 416, in which the circuit court had ruled in 1971 as the Supreme Court did a year later in Morrissey.

In view of the express direction that Morrissey shall apply only to future revocations, we need not enter into a discussion of the circumstances under which newly announced criminal law principles are to be retroactively applied. See State v. Thrasher, 175 N.W.2d 397, 399 (Iowa 1970); State v. Jackson, 173 N.W.2d 567 (1970); and State v. Wisniewski, 171 N. W.2d 882, 887 (Iowa 1969).

We hold defendant does not come within the protection of Morrissey v. Brewer, supra, and his first contention is therefore rejected.

■ II. Petitioner's second claim relates to the amended provisions of section 247.12, The Code, by virtue of which a prisoner whose parole is revoked receives credit on his sentence for the time he spent on parole (with certain exceptions not important here). Again the question is one of retroactivity—this time of a statute enacted after all events important to this case had occurred.

Petitioner was sentenced in 1967, paroled in 1969, and returned to the reformatory

for parole violation in 1971. The amendment affording credit for time spent on parole became effective in 1971 but after defendant's parole had been revoked.

In the absence of any expression of legislative intent, we are dependent upon our prior decisions for guidance. See State v. Thrasher, State v. Wisniewski, and State v. Jackson, all supra. As stated there, several principles are considered controlling. The underlying consideration is the extent to which the old rule affected "the very integrity of the fact-finding process" or produced "the clear danger of convicting the innocent."

Those factors are absent in the present case, of course, since we are concerned only with circumstances occurring *after* trial and conviction. The reasons which are persuasive in arguing for retroactivity to assure a fair trial have no vitality in the case now before us.

Although we said in the recent case of State v. Wiese, 201 N.W.2d 734, 737 (Iowa 1972) that an "ameliorative change" in the law should be extended to every case in which it can properly apply, it seems clear the amendment allowing credit on a criminal sentence for time spent on parole should not be applied here. We are convinced the legislature did not mean to disturb the countless cases in which parole revocations had been processed by rules long established and relied on. If the legislative intent were otherwise, it should have been, and undoubtedly would have been, specifically expressed.

We hold the trial court properly denied petitioner's second ground for postconviction relief.

III. This leaves for disposition the application for permission to take a late appeal. The record shows petitioner was sentenced on December 26, 1967. As already indicated, he filed no notice of appeal. However, on February 20, and again on February 21, 1968, he directed communications to the clerk of the district court clearly expressing his desire to appeal and asking that a lawyer be appointed to represent him. He also requested permission to "sign his own appeal bond." Although these papers were dated February 20 and February 21, they are both shown to have been filed on February 26, 1968. There is no explanation in the record for the delay between the dates of the communications and the date of filing.

Neither is there any indication that the communications came to the attention of Judge G. B. Richter, then presiding in the Allamakee District Court, until March 13, 1968, when he entered an order refusing consideration of petitioner's several requests on the grounds that an appeal had not been perfected within the time allowed by statute.

Following this, there was some exchange of correspondence between petitioner and Judge Richter, but no further action was taken until the application asking for a late appeal was filed.

The timing of petitioner's communications to the district court clerk is important. The 60-day appeal period ordinarily would have expired on February 24, 1968, but that date fell on Saturday. Under the provisions of section 4.1(23), The Code, time for taking an appeal was therefore extended to the following Monday, February 26, 1968. State v. Smith, 162 Iowa 336, 338, 144 N.W. 32, 33 (1912). This is the very date on which petitioner's communications were stamped filed by the clerk.

It is true petitioner's dilemma was of his own making. The record shows he had been clearly advised at the time of sentence concerning the time and mechanics of perfecting an appeal. He did nothing until the eleventh hour. However, he did express his intention to appeal before the appeal period expired. He was then without counsel. Under the circumstances, it is perhaps asking too much to insist that he observe the statutory rules relating to appeal when we are repeatedly confronted with cases in which attorneys have difficulty in doing so.

We have considered applications for delayed appeals and have granted them several times. See State v. Wetzel, 192 N. W.2d 762, 764 (Iowa 1971) and authorities there cited. The decision must be based upon circumstances in each particular case. We believe petitioner's expressed intent to appeal, although admittedly not conforming to sections 793.2 and 793.4, The Code, entitles him to favorable consideration.

We, therefore, grant his application for permission to take a delayed appeal on the condition that proper notice of appeal be given within 60 days from the date this opinion is filed. If, taken, however, the appeal shall not include as assignments of error the two issues already decided adversely to petitioner by this opinion affirming the denial of postconviction relief.

Affirmed on appeal from denial of postconviction relief; permission to take delayed appeal granted.