STATE of Iowa, Appellee,

v.

Leon Henry NEPPLE, Appellant.

No. 54877.

Supreme Court of Iowa.

Oct. 17, 1973.

Harold G. DeKay, Atlantic, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Richard F. Branco, Ida County Atty., for appellee.

Submitted to MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

After indictment and jury trial defendant was convicted of larceny of domestic animals in violation of § 709.8, The Code, 1966. He appeals, claiming his conviction was based on the uncorroborated testimony of alleged accomplices. We affirm.

Summarizing the testimony of the alleged accomplices and others, the evidence indicated on July 6, 1967 Robert Huisinga, age 19, was employed by defendant as a farm worker. Defendant owned a red El Camino Chevrolet pickup. On the evening of that day Huisinga, the defendant, and a young man named Ted Hollander set out in the pickup to steal pigs. Defendant drove from the land he was farming near Smithland, in Woodbury County, Iowa, through portions of Monona and Crawford Counties. He stopped to buy beer in several towns. The three were looking for vacant farmsteads where pigs were kept. They were accosted in the parked El Camino in one vacant Ida County farmyard by Mr. Auen, a farmer who kept his pigs on the premises. Defendant told him they were looking for a Ted Hollander who had called them and wanted them to look at some trees for sale.

The three were later observed by a highway patrolman when they stopped for beer at Ida Grove. They then broke into a different vacant farmyard in Ida County and stole a number of pigs. The accomplices testified the pigs were kept all night in a grain bin on defendant's farm, and on the following day sold by Huisinga at Avoca Auction Company in Pottawattamie County. Huisinga cashed the $320.15 check for the 31 pigs. He delivered the proceeds to defendant who gave him $20, Hollander $80, and kept the balance. The pigs, traced through the sale, were identified by the owner. An Avoca Auction employee identified Huisinga as the man who sold the pigs, after hauling them there in an El Camino Chevrolet pickup.

Defendant, testifying admitted being in his pickup on the night of July 6, 1967 with Huisinga and Hollander. He claimed the purpose of driving so far was to pick up some items he had purchased at his brother's sale near Deloit, Iowa. Defendant admitted Auen's testimony concerning his explanation for being in the vacant farmstead where Auen kept pigs, but said Hollander had told him the place should be where a man by the same name had some trees for sale.

Defendant testified Huisinga and Hollander borrowed his pickup after the three returned to the farm early in the evening, and kept it into the next day.

I. Defendant contends the corroboration evidence did not meet the requirements of § 782.5, The Code:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

This issue was properly preserved by motion for directed verdict.

Our interpretation of the above statute is well settled. Whether there is

corroboration testimony is a question of law, but its sufficiency is a question of fact for the jury. State v. Roberts, 255 Iowa 166, 121 N.W.2d 513 (1963). The corroborating evidence need not be strong. Any such evidence legitimately tending to connect the accused with the commission of the crime and thereby lend support to the credibility of the accomplice is sufficient. State v. Weaver, 259 Iowa 1369, 147 N.W.2d 47 (1966).

Corroborative evidence may be either direct or circumstantial. State v. Jennings, 195 N.W.2d 351 (Iowa 1972); State v. Morrison, 183 N.W.2d 696 (Iowa 1971). It need not be entirely inconsistent with innocence. State v. Williams, 207 N.W.2d 98 (Iowa 1973). There may be a combination of circumstances which entitles the jury to reach the conclusion the accomplices' testimony has been corroborated. State v. Cornwell, 189 N.W.2d 611 (Iowa 1971).

We have consistently said facts from case to case vary so greatly that prior decisions have little value as precedents. Each case must be judged on its own facts. State v. Cornwell, supra; State v. Weaver, supra.

Here a combination of circumstances ties the defendant to the crime. The jury obviously disbelieved defendant's testimony about picking up the sale items at his brother's farm. They were not in the pickup. Defendant claimed his brother was not home. In any event, there remains the fact he was with the two accomplices in the red pickup, some forty miles from home, on gravel roads and in vacant farmyards.

Defendant was identified as being in a vacant farmstead where pigs were kept, in the same county from which the pigs in this case were stolen, and on the same evening. He admits being there, and the excuse he gave Auen strains credulity. He was not in the tree business. It seems highly improbable he would take Ted Hollander to see a man named Ted Hollander who had trees to sell. There was testimony no such person resided in the area.

There was ample evidence to corroborate the testimony it was defendant's employee in defendant's pickup who disposed of the stolen pigs the following day at the Avoca sale.

We conclude there was corroborting evidence in this case, and its validity was properly submitted to the jury under the proper instructions.

We find no error. The motions were properly overruled.

II. While he does not assign it as error, at one point in his brief defendant argues this court, as a matter of grace, should consider an alleged error created by a jury instruction bearing on his testimony as a witness in the case. Although the general instruction on credibility, applicable to all witnesses, was given, here the court singled out the defendant in a separate instruction. The jury was told defendant's testimony should not be discredited because he was charged with a crime; his testimony was to be treated like that of any other witness. The balance of the instruction was similar to the general instruction.

A similar instruction appeared in State v. Evans, 169 N.W.2d 200 (Iowa 1969), but we were not there required to pass on it. Certainly it is far from being as offensive as that struck down in State v. Bester, 167 N.W.2d 705 (Iowa 1969). It cannot be condoned, however, because it violates the rationale of *Bester* that instructions relating to the credibility of a witness should be general and apply equally to all of the witnesses for the State and defendant alike.

It is true we have held *Bester* to be retroactive. State v. Holmes, 176 N.W.2d 147 (Iowa 1970); State v. Thrasher, 175 N.W.2d 397 (Iowa 1970). If the error had been properly preserved, it would have been applicable to the case *sub judice*, even

though this case was tried before the decision in *Bester*.

But no objection was ever lodged against this instruction during trial, nor was the issue raised by post-trial motion. Under all of these circumstances, we see no compelling reason to depart from our rule that ordinarily matters not raised in the trial court cannot be effectively asserted for the first time on appeal. State v. Beer, 193 N.W.2d 530 (Iowa 1972); State v. Miskell, 161 N.W.2d 732 (Iowa 1968); Sullins, Preservation of Error, 22 Drake L.Rev. 435, 469–73 (1973). Defendant does not claim he was deprived of a fair trial. See State v. Hinsey, 200 N.W. 2d 810 (Iowa 1972); Rendleman, Judgment on the Record Statute, 22 Drake L. Rev. 477, 481–90 (1973). Nor is there any evidence in the record before us to show he was not accorded a fair trial.

We find no error. The judgment of the district court is affirmed.

Affirmed.