STATE of Iowa, Appellee,

v.

Irvin JOHNSON, Appellant.

No. 55318.

Supreme Court of Iowa.

March 27, 1974.

R. Fred Dumbaugh and Guy P. Booth, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Carl Goetz, Jr., County Atty. and Robert Stenander, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Appeal by defendant, Irvin Johnson, from judgment on jury verdict finding him guilty of delivering a controlled substance, 1971 Session of the Sixty-Fourth General Assembly, chapter 148, section 401(1). [See The Code 1973, Section 204.401(1)].

Evidence adduced in course of trial discloses Steven Keenley, Iowa Department of Public Safety special agent, purchased from defendant a substance represented to be narcotics. Immediately thereafter special agent Dooley conducted a field test of the eight capsules so obtained from defendant. Thereupon Keenley labeled and sealed the capsules in a container. It was then forwarded, registered mail, to the state criminalistics laboratory.

Michael Rehberg, lab director, testified he received the aforesaid capsules. The contents were tested by him and found to be heroin.

After the State had rested defendant unsuccessfully moved for a directed verdict based on absence of requisite evidence.

Subsequent to return of the guilty verdict defendant filed a new trial motion. That motion was overruled.

In support of a reversal Johnson here contends, trial court erred in overruling his motions for (1) a directed verdict and (2) for a new trial.

■ I. First to be entertained is defendant's asserted error regarding his directed verdict motion.

He now contends the aforesaid motion should have been sustained because (1) the State failed to establish a prima facie case against him, and (2) 1971 Session of the Sixty-Fourth General Assembly, chapter 148, section 507 [see The Code 1973, Section 204.507] relating to burden of proof is unconstitutional.

As best determinable from the record at hand defendant's directed verdict motion was interposed after presentation of the State's case but not renewed at close of all the evidence. Proceeding on that assumption it appears the asserted error, if any,

was waived. See State v. Tokatlian, 203 N.W.2d 116, 119 (Iowa 1972).

■ Be that as it may the above mentioned constitutional issue is here voiced for the first time. Consequently it need not be accorded appellate review. See State v. Joss, 211 N.W.2d 320, 321 (Iowa 1973); State v. Nepple, 211 N.W.2d 330, 333 (Iowa 1973).

In any event, the arguments here advanced were resolved adverse to defendant in State v. Lynch, 197 N.W.2d 186, 190 (Iowa 1972). See also Horn v. Haugh, 209 N.W.2d 119, 121 (Iowa 1973); cf. State v. Vietor, 208 N.W.2d 894, 899 (Iowa 1973).

There is no merit in the instant assignment.

■ II. Defendant also asserts the jury, absent trial court's authorization, improperly separated during the deliberation period.

In the first place the record belies that contention. The only testimony touching upon this subject reveals trial court, not the jury, determined it should be provided overnight motel lodging. That was clearly within the court's discretion. See State v. Lowder, 256 Iowa 853, 864, 129 N.W.2d 11 (1964), cert. denied 380 U.S. 965, 85 S.Ct. 1110, 14 L.Ed.2d 155; Code §§ 780.19, 780.20; Iowa R.Civ.P. 199. See also State v. Albers, 174 N.W.2d 649, 653–657 (Iowa 1970).

Moreover, no evidence whatsoever was introduced which even tended to disclose untoward conduct by any juror from time of leaving the jury room, accompanied by bailiffs, and return to the courthouse the following morning.

Further discussion will serve no useful purpose.

This assignment is totally devoid of substance.

Affirmed.