

termination of whether to sentence a defendant to jail and assess a fine rather than to the penitentiary, as permitted under section 708.8, is addressed to the sound discretion of the trial court as is the question of any probation."

See also State v. Voshell, Iowa 1974, 216 N.W.2d 309; State v. Russell, Iowa 1974, 216 N.W.2d 355; State v. Stakenburg, Iowa 1974, 215 N.W.2d 265; State v. Carncross, Iowa 1973, 205 N.W.2d 698.

Defendant age 20, admitted he broke into the Sabula Fire Station, vandalized it, and stole fire department equipment. In addition, the presentence report reveals defendant's repeated criminal involvement both as a juvenile and as an adult. Trial court did not abuse its discretion by imposing the maximum sentence.

Affirmed.

Charles F. Glenn, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

PER CURIAM:

Defendant was charged, tried, convicted and fined $100 for failure to abate a rat harborage in violation of county health regulations promulgated under Code section 137.6(2). He appeals. We affirm.

Defendant assigns one error—his motion to dismiss, made at the close of State's evidence should have been sustained. The motion was not renewed at the close of all evidence.

**STATE of Iowa, Appellee,**

**v.**

**Robert CHALFANT, Appellant.**

**No. 56008.**

Supreme Court of Iowa.

May 22, 1974.

We have consistently held the trial court is not required to sustain a motion to dismiss or for directed verdict at the close of the State's evidence in chief. No error can be predicated upon the court's failure to sustain the motion. State v. Warren, Iowa 1974, 212 N.W.2d 509, 516. Defendant waives any error by failing to renew his motion at the close of all the evidence. State v. Johnson, Iowa 1974, 216 N.W.2d 337; State v. Houston, Iowa 1973, 206 N.W.2d 687, 692; State v. Tokatlian, 203 N.W.2d 116, 119.

Affirmed.