**STATE of Iowa, Appellee,**

v.

**Michael Wayne THOMPSON, Appellant.**

**No. 56094.**

Supreme Court of Iowa.

Aug. 28, 1974.

Daniel C. Galvin, O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Zigmund Chwirka, County, Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

The question is whether the State offered sufficient evidence, other than by an accomplice, connecting defendant with a check forgery. The trial court found the State met its statutory obligation to do so and we agree.

Michael Wayne Thompson (defendant) appeals his jury conviction of forgery in violation of § 718.2, The Code. His sole assignment of error is his claim the State failed to generate a jury question by offering sufficient evidence in corroboration of the testimony of his accomplice.

It is conceded the principal State witness, Connie Lorraine Nolte, was defendant's accomplice. Mrs. Nolte testified she was hitchhiking near the Long Branch Tavern on September 25, 1971 and was given a ride by defendant who was alone in his pickup truck. She testified she then accepted defendant's request to cash checks he told her he had found at the city trash dump.

Mrs. Nolte testified she accompanied defendant when he purchased a Paymaster check protector and to South Sioux City, Nebraska, to get a typewriter. She said the Paymaster check protector and typewriter were taken to the home of Ed Thompson, defendant's brother, where the checks were prepared. Defendant and his brother, according to Mrs. Nolte, made out ten checks on Hawkeye Club each in the amount of $113.23. She said Mrs. Ed Thompson signed the name "Margery Veach" on each. She related she and defendant thereafter went to Economy Mar-

ket where defendant instructed her to buy a carton of cigarettes, cash a check, and return with the change. She described how the same procedure was followed at Sunshine Market. Finally she testified they returned to Ed Thompson's home to divide the money.

Another State witness, Alice E. Bauer, testified she and her husband operate an office machine business. She said on September 25, 1971 defendant purchased a Paymaster check protector which he paid for by personal check.

The manager of Sunshine Food Market identified the check presented by Mrs. Nolte and said the check was dishonored when presented for payment. A Sioux City police officer testified he executed a search warrant on October 5, 1971 at the home of Ed Thompson. The defendant was not present at the time. Officers seized the Paymaster check protector, the typewriter, and about 400 blank checks of various personal and business accounts. An officer from the state bureau of criminal investigation testified impressions made upon the forged check were made by the Paymaster check protector and typewriter seized by the policemen in execution of the search warrant.

I. Section 782.5, The Code, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

Many states have similar statutes. See 3 Jones on Evidence, Sixth Ed., § 20:60, page 737. We have interpreted § 782.5 many·times and have consistently followed what we believe have become well established general principles. In State v. Cornwell, 189 N.W.2d 611, 612 (Iowa 1971) they were summarized as follows:

"Whether there is corroborative evidence is a question of law, but its sufficiency is for the jury.

"The corroborating evidence may be either circumstantial or direct and need not be of every material fact testified to by the accomplice.

"The evidence adduced to corroborate an accomplice need not be strong, and any evidence legitimately tending to connect accused with the commission of the crime and thereby lend support to the credibility of the accomplice is sufficient.

"There may be a conbination of circumstances which entitle the jury to reach the conclusion they corroborate the accomplices's testimony." See also State v. Grindle, 215 N.W.2d 268, 270–271 (Iowa 1974); State v. Bizzett, 212 N.W.2d 466, 468 (Iowa 1973); State v. Nepple, 211 N.W.2d 330, 331–332 (Iowa 1973); State v. Williams, 207 N.W.2d 98, 107 (Iowa 1973); State v. Jennings, 195 N.W.2d 351, 357 (Iowa 1972); State v. Morrison, 183 N.W.2d 696, 698 (Iowa 1971); State v. Schlater, 170 N.W.2d 601, 603–604 (Iowa 1969); 21 Drake L.Rev. 493.

We have said each case must be judged on its own, prior decisions having little precedential value. State v. Nepple, supra.

Under there principles we find the trial court was right in refusing to direct a verdict for want of testimony corroborating Mrs. Nolte. We believe the testimony of Mrs. Bauer of defendant's purchase tended to connect him with the forgery, especially in view of the testimony it was used in preparation of the forged check.

Affirmed.