

# The Attorney General of Texas

May 18, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ruben Torres, Chairman
Texas Board of Pardons and Paroles
P. O. Box 13401, Capitol Station
Austin, Texas    78711

Opinion No. MW–472

Re:   Whether the Texas Board of Pardons and Paroles has authority to collect or assist in the collection of fines, court costs and restitution or reparation to victims from person eligible for parole or mandatory supervision

Dear  Mr. Torres:

You ask several questions concerning the authority of the Texas Board of Pardons and Paroles to collect or assist in the collection of fines, court costs and restitution or reparation to the victim, from a person eligible for release from the Department of Corrections on parole or mandatory supervision.

You first ask whether the board is authorized by section 15(g) of article 42.12 of the Code of Criminal Procedure to collect unpaid fines and court costs adjudged against the defendant by the convicting court.  In particular, you refer to fines adjudged pursuant to chapter 12 of the Texas Penal Code, articles 1018, 1061–1082, and 1083, section 4 of the Code of Criminal Procedure, article 4413(29aa), section 9B(b), V.T.C.S., relating to the Commission on Law Enforcement Officer Standards and Education, article 8309–1, section 14(b), V.T.C.S., the Crime Victims Compensation Act.

In our opinion, the board lacks authority to collect fines or court costs.  It has no express statutory authority to exercise such powers.   Section 15(g) of article 42.12 of the Code of Criminal Procedure authorizes the board to adopt "reasonable rules <u>not</u> <u>inconsistent with law</u> as it may deem proper or necessary with respect to.... conditions to be imposed upon parolees and persons released to mandatory supervision."  (Emphasis added).  However, article 1004 of the Code of Criminal Procedure expressly charges district and county attorneys, clerks of the district and county courts, sheriffs, constables, and justices of the peace with collecting money in the name of the state.  See Code Crim. Proc. art. 1001.  Funds subject to article 1004 include all fines, forfeitures, judgments and jury fees

collected under any provision of the Code of Criminal Procedure. Article 4413(29aa), section 9B(c), V.T.C.S., and article 8309-1, section 14(c), V.T.C.S., provide that the costs due the state under those acts shall be collected along with and in the same manner as other fines or costs are collected in the case. See also Code Crim. Proc. art. 1083, §§5, 11.

Articles 1001 through 1006 of the Code of Criminal Procedure expressly charge specific officers with the duty of collecting fines and court costs, and also impose detailed reporting requirements on these persons. Any regulation purporting to authorize the board to collect fines and court costs would be inconsistent with these Code of Criminal Procedure provisions and therefore would be invalid. See generally Attorney General Opinion H-1161 (1978).

You next ask whether the Board of Pardons and Paroles has authority to require, as a condition of parole or mandatory supervision, that the releasee pay outstanding amounts of fines and court costs to the district clerk or other appropriate official or agency.

In our opinion, the board has authority to require that the releasee pay such amounts. Section 2(c) of article 42.12 of the Code of Criminal Procedure defines parole as the release of a prisoner from imprisonment for rehabilitation outside the prison walls under such conditions for disciplinary supervision as the board may determine. Section 20 gives the board the power and duty to make rules for the conduct of persons placed in parole and released to mandatory supervision. Section 15(g) of article 42.12 provides as follows:

> The Board may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to... conditions to be imposed upon parolees and persons released to mandatory supervision.... The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment. Acceptance, signing, and execution of the contract by the inmate to be paroled shall be a precondition to release on parole.

See also Code Crim. Proc. art. 42.12, §12 (board may determine degree of supervision a releasee should receive). The board has adopted a rule stating standard conditions of parole, such as reporting at

intervals to the parole officer and working at a lawful occupation. 37 T.A.C. §145.21 (1981).

Prior to 1977, section 15(g) did not refer to any specific conditions of parole. At that time, an amendment specifically authorized the board to include as conditions of parole the making of reparation or restitution to the victim of the crime. Acts 1977, 65th Leg., ch. 347, §1, at 928. However, prior to the 1977 amendment, the board was empowered to require the inmate to accept all standard and customized conditions of parole. Clifford v. Beto, 464 F.2d 1191 (5th Cir. 1972). Typical conditions have included the requirement that a parolee secure his parole officer's permission before changing his place of residence or employment, leaving the county or purchasing or operating an automobile. Id. at 1195, n. 1; 37 T.A.C. §§145.21, 149.1 (1981). The board has also provided for the addition of "customized" conditions for the release of an inmate in some cases. Clifford v. Beto, supra, at 1195, n. 1; 37 T.A.C. §§145.21, 149.1 (1981).

Article 42.12 states that the terms of adult probation may include, but are not limited to, the payment of a fine, court costs, and restitution or reparation, as well as other specified conditions. Sec. 6. This statute has provided for these conditions since its enactment in 1965. Acts 1965, 59th Leg., ch. 722, at 491. It seems reasonable that an inmate paroled from the Department of Corrections should be subject to conditions at least as stringent as those imposed on an individual serving a probated sentence. See Code Crim. Proc. art. 42.12, §§3, 3a (probation available only where maximum punishment assessed does not exceed ten years). In our opinion, board rules authorizing a condition that a releasee pay his fine and court costs would be "reasonable rules... with respect to... conditions" of probation or mandatory supervision. Sec. 15(g). Of course, the board may not require terms of payment that are at variance with those in the judgment. See Code Crim. Proc. art. 42.15. Even if an individual has not paid his fine and court costs by the time he is discharged from parole or mandatory supervision, those obligations will remain in effect until discharged pursuant to articles 42.15, 42.16 or 43.01 of the Code of Criminal Procedure.

You next ask whether, in cases where payment of outstanding fines, court costs, restitution or reparation would impose an unreasonable burden on a releasee, the board must order payment of an amount less than the total amount due. You are concerned that the individual's earning ability would not enable him to complete payment during the period of parole or mandatory supervision.

The board is not authorized to recommend as a condition of release that a releasee make scheduled payments which the board has itself determined would be "an unreasonable burden" on the releasee.

Article 42.12, section 15(f) of the Code of Criminal Procedure states in pertinent part:

> A parole shall be ordered only for the best interest of society.... A prisoner shall be placed on parole only when arrangements have been made for his employment or for his maintenance and care, and when the Board believes that he is able and willing to fulfill the obligations of a law-abiding citizen.

If the board does not believe that the potential releasee is able to fulfill the conditions of release, parole under such conditions would not be authorized under this section.

Section 15(g) of article 42.12 provides that the conditions of parole "shall include the making of restitution or reparation to the victim of the prisoner's crime, in an amount not greater than such restitution or reparation as established by the court and entered in the sentence." (Emphasis added). The board is required to include the making of some restitution or reparation to the victims of the prisoner's crime. However, the legislature's use of the words "not greater than" indicates that the legislature intended that the board could still recommend that an amount less than the amount established by the court be repaid over the period of the releasee's supervision as a condition of parole.

If the board chooses to impose conditions relating to the payment of fines and court costs, it may require that only partial payment be made during the term of parole or mandatory supervision. However, in cases where the Board of Pardons and Paroles chooses not to require full payment of fines and court costs before the term of parole or supervision ends, those obligations of course remain in effect until discharged as permitted by the Code of Criminal Procedure.

You ask whether the board must show as a condition precedent to revocation of parole or mandatory supervision, that the releasee had the ability to pay some or all of the amount which is not in fact paid.

A showing that the releasee had the ability to pay some or all of the amount which was not in fact paid is not a "condition precedent" to revocation of parole or mandatory supervision. However, a parolee would be allowed to show his inability to pay as a circumstance mitigating against revocation under Ex parte Ates, 487 S.W.2d 353 (Tex. Crim. App. 1972). This case construed the Supreme Court's holding in Morrissey v. Brewer, 408 U.S. 471 (1972), which set forth the due process requirements which must be met in a revocation of

parole. Part of these requirements are set forth in <u>Ex parte Ates</u>, <u>supra</u>, at 354:

Revocation Hearing:

> If desired by parolee such hearing should decide any contested facts and determine whether they warrant revocation. Parolee should receive written notice of the claimed violations and must have an opportunity to be heard and show that either he did not violate the conditions of parole or that <u>there were circumstances which mitigate against revocation.</u> (Emphasis added).

You next ask whether the board has authority to establish as a condition of release that a releasee make restitution or reparation to the victim of the crime, where the judgment of the convicting court does not specify a dollar amount of such obligation.

The board may not establish a condition of release requiring the releasee to make restitution or reparation to the victim of his crime where the monetary amount of such restitution or reparation cannot be determined from the sentence. Such action would require the board to adjudge issues in the domain of the convicting court. In addition, such a condition could be contrary to the requirement in article 42.12, section 15(g) that the total amount of such restitution not exceed the amount established by the convicting court and entered in the sentence.

You next ask whether the board may collect and disburse restitution and reparation payments, or whether it must require direct payment from the releasee to the victim.

As noted in response to your first question, article 42.12, section 15(g) of the Code of Criminal Procedure authorizes the board to adopt such "reasonable rules not inconsistent with law as it may deem proper or necessary with respect to... conditions to be imposed upon parolees and persons released to mandatory supervision." In our opinion, the adoption of rules which provide for the collection and disbursement of restitution and reparation monies by the board itself would be a reasonable way of exercising its authority to supervise repayment by a releasee to the victim of his crime. See also §12 (board may determine degree of supervision of releasee); §20 (board may make rules for conduct of releasee). A condition that the releasee pay such payments directly to the victim of his crime would have the unfortunate result of forcing the releasee and the victim of his crime to have renewed contact with one another. Promulgating rules which would allow the board to establish a condition that the releasee make such payments to the board would not only facilitate

supervision of the releasee's compliance, but would avoid such involuntary contact between the releasee and the victim of his crime.

Article 42.12, section 15 (1), passed in 1981 by the Sixty-seventh Legislature, now provides a third option to the board by authorizing it to contract with the Texas Adult Probation Commission for the supervision of a releasee subject to the approval of the judge or judges that employ the probation officer. The conditions of probation may require the releasee to make various payments. See Code Crim. Proc. art. 42.12, §6. The restitution and reparation payments could be collected and disbursed in accordance with established procedures for the handling of payments made by probationers pursuant to section 6 of article 42.12.

You next ask whether the board's authority to require that a releasee make restitution or reparation is limited to cases wherein the prisoner was sentenced for an offense committed after the effective date of the 1977 amendment, which added the language on restitution and reparation to section 15(g) of article 42.12.

Prior to 1977, article 42.12 did not expressly provide for the payment of restitution or reparation. See Acts 1967, 60th Leg., ch. 659, §29, at 1745-46. A 1977 amendment to section 15(g) provided that the conditions of parole established by the board "may include the making of restitution or reparation to the victim of the prisoner's crime." Acts 1977, 65th Leg., ch. 347, §1, at 928. (Emphasis added). The 1981 amendment to section 15(g) of article 42.12 provides that the parole conditions "shall include the making of restitution or reparation." Acts 1981, 67th Leg., ch. 141, §5, at 355. (Emphasis added).

The board's authority to recommend as a condition of release that a releasee make restitution or reparation to the victim of his crime is not limited to cases wherein the prisoner was sentenced for an offense committed after the effective date of the 1977 amendment to section 15(g) of article 42.12 of the Code of Criminal Procedure. The board's broad discretionary authority under article 42.12 to set conditions of release would have allowed the board to recommend such conditions even before the passage of the 1977 amendment. Even prior to 1977, section 2 of article 42.12 defined parole as "the release of a prisoner from imprisonment but not from the legal custody of the State, for rehabilitation outside of prison walls under such conditions and provisions for disciplinary supervision as the Board of Pardons and Paroles may determine." Acts 1965, 59th Leg., ch. 722, at 489. (Emphasis added). The 1977 amendment specified that these conditions may include the making of restitution or reparation to the victim of the crime. Acts 1977, 65th Leg., ch. 388, at 1058. In passing this amendment the legislature merely clarified the board's

already-existing authority in this regard, and the provision is not retroactive as applied to a defendant convicted prior to its passage.

### S U M M A R Y

The Texas Board of Pardons and Paroles may recommend as a condition of release that a releasee pay fines and/or court costs to the appropriate collecting officer. It cannot itself collect such monies. The board does not have the authority to recommend the release of an inmate on the condition that he repay fines, court costs, restitution or reparation at a rate which it has determined would be an unreasonable burden on the releasee. The board has the authority to recommend release on the condition that the releasee repay less than the total amount outstanding in fines, court costs, restitution or reparation during the period of his supervision. In the event of a parole revocation, the releasee could present evidence of his inability to repay the full amount set by the board as a condition of release as a circumstance which would mitigate against revocation. The board can recommend as a condition of release that the releasee pay restitution or reparation to the victim only when the amount was established by the convicting court. The board is authorized to collect and disburse such restitution or reparation payments. The board's authority to impose as a condition of release that a releasee make restitution or reparation to the victim of his crime is not limited to cases where the prisoner was sentenced for an offense committed after the effective date of the 1977 amendment to article 42.12, section 15(g) of the Code of Criminal Procedure.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison &
Maury Hexamer
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Maury Hexamer
Patricia Hinojosa
Jim Moellinger